UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| ALFRED BONE SHIRT; BELVA BLACK LANCE; BONNIE HIGH BULL; and GERMAINE MOVES CAMP, | ) ) ) ) | CIV. 01-3032-KES |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | ORDER |
| JOYCE HAZELTINE, in her official capacity as Secretary of the State of South Dakota; SCOTT ECCARIUS, in his official capacity as Speaker of the South Dakota House of Representatives; SOUTH DAKOTA HOUSE OF REPRESENTATIVES; ARNOLD BROWN, in his official capacity as President of the South Dakota Senate; and SOUTH DAKOTA SENATE, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs filed a verified application for attorneys' fees and accompanying affidavits. Defendants oppose the application.

**BACKGROUND**

Plaintiffs filed this action challenging a redistricting plan promulgated by the South Dakota legislature. Plaintiffs allege that the plan violates various federal laws and that it dilutes Native American voting power. Defendants served their motion for summary judgment on plaintiffs on July 17, 2003. They supported the motion with several affidavits and an expert report. Defendants gave plaintiffs their seventh supplemental response to plaintiffs' discovery requests that same day. This response included 51 exhibits; defendants relied on 39 of them in their motion for summary judgment. Defendants had not previously disclosed these documents nor did they include them with the July 17 disclosures.

In an order dated December 31, 2003, for purposes of summary judgment only, the court granted plaintiffs' motion to strike the report, affidavits, and additional exhibits disclosed in defendants' seventh supplemental response for failure to comply with Rule 26 deadlines for disclosure. Although the court excluded the exhibits and documents for purposes of summary judgment, the evidence was not excluded for use at trial. The court also awarded plaintiffs reasonable attorneys' fees and costs under Rule 37(c) because defendants had no substantial justification for the untimely disclosure.

Plaintiffs filed a verified application for attorneys' fees on January 15, 2004. They request $2,997 in fees for Bryan Sells, $187.50 in fees for Patrick Duffy, and $191.07 in tax. Plaintiffs also request $92.13 in costs. Defendants contend that the application is untimely, and they contest the hourly rate requested by Bryan Sells. They maintain that $185 per hour is excessive, unreasonable, and not typical for this type of case in this region. Defendants urge the court to apply South Dakota rates, which they calculate at $125 per hour.

## DISCUSSION

A.  **Timeliness of Application for Attorneys' Fees and Costs**

The court's December 31, 2003, order gave plaintiffs ten days to file an application for attorneys' fees and costs. Under Rule 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). Legal holidays include New Year's Day. Id. Thus, the computation of days began on Friday, January 2, 2004. Excluding all weekend days, the tenth day fell on Thursday, January 15, 2004. Because plaintiffs filed the application on January 15, the court finds that it was timely.

B.    **Merits of Application for Attorneys' Fees and Costs**

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a court may impose sanctions if a party fails to disclose information required by Rule 26 without substantial justification. In the current case, defendants' summary judgment motion relied on 39 exhibits that they had not previously disclosed to plaintiffs. They also referenced an expert report and several affidavits that they disclosed on the same day they moved for summary judgment. Because defendants had no substantial justification for failing to disclose these documents in a timely manner, the court awarded plaintiffs attorneys' fees and costs.

Plaintiffs request a total of $92.13 in costs. The costs include postage and copying expenses for filing the motion for sanctions and the accompanying brief. Defendants do not challenge this amount and the court finds the request reasonable and justified under the circumstances. Accordingly, plaintiffs are entitled to the requested amount of costs. Attorney Patrick Duffy requested fees in the amount of $187.50 plus tax. He estimated spending 1.25 hours reviewing correspondence and documents filed in association with the motion for sanctions and requested $150 per hour. Defendants do not contest either the hours documented by Duffy or his rate. The court finds both the hours and the rates requested as reasonable. Pursuant to Rule 37, therefore, the court will award the fees requested by Patrick Duffy.

Attorney Bryan Sells requested fees in the amount of $2,997 plus tax. He itemized his time to research and draft the necessary documents for the motion for sanctions at 16.2 hours and requested $185 per hour. Defendants challenge the hourly rate requested by Sells, describing it as unreasonable. The court has previously found this rate reasonable in its December 31, 2003, decision. Likewise, the court finds the current request for this rate is also reasonable. Sells is lead counsel and the case involves the specialized area of the Voting Rights Act. He has

approximately seven years of experience exclusively in this area and routinely handles cases involving the Voting Rights Act.  See Planned Parenthood v. Miller, 70 F.3d 517, 519 (8th Cir. 1995) (out of state attorneys handled such cases routinely and had particularized experience, which justified a higher hourly rate).

There is also evidence that Sells unsuccessfully attempted to locate a local attorney to handle the case without the assistance from the ACLU.  Without his assistance, it is unlikely that anyone would have filed this suit.  Thus, the court is not limited to the local hourly rate.  See Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001).  Although Sells' rate is somewhat higher than local rates, the court does not find it unreasonable or unjustified under the circumstances of this case.  The court will, therefore, award Sells an hourly rate of $185.

Sells calculated spending 16.2 hours on researching, drafting, and revising the relevant motion for sanctions and accompanying brief.  Defendants do not challenge the number of hours Sells documented.  Accordingly, the court will award a fee based on 16.2 hours, which totals $2,997 plus tax.  The hours stated and the rates requested by Sells and Duffy are reasonable.  Pursuant to Rule 37, therefore, the court will award the costs and fees requested.

Accordingly, it is hereby

ORDERED defendants shall pay plaintiffs $3,375.57 for attorneys' fees and tax and $92.13 for costs pursuant to plaintiffs' application for attorneys' fees (Docket 210).

Dated March 3, 2004.

                                            BY THE COURT:

                                            /s/ *Karen E. Schreier*
                                            KAREN E. SCHREIER
                                            UNITED STATES DISTRICT JUDGE