UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| ALFRED BONE SHIRT; BELVA BLACK LANCE; BONNIE HIGH BULL; and GERMAINE MOVES CAMP, | ) ) ) ) | CIV. 01-3032-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND DENYING DEFENDANTS' MOTION TO STRIKE |
| JOYCE HAZELTINE, in her official capacity as Secretary of the State of South Dakota; SCOTT ECCARIUS, in his official capacity as Speaker of the South Dakota House of Representatives; SOUTH DAKOTA HOUSE OF REPRESENTATIVES; ARNOLD BROWN, in his official capacity as President of the South Dakota Senate; and SOUTH DAKOTA SENATE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

In an order dated January 11, 2005, this court certified a question to the South Dakota Supreme Court, namely whether the South Dakota Legislature is authorized under the South Dakota Constitution to reapportion Districts 26 and 27 and other affected areas in response to a finding that the State violated § 2 of the Voting Rights Act of 1965. This court entered a separate order that same day setting a 30-day deadline after the Supreme Court acts for defendants to either adopt a new apportionment plan or submit remedial proposals to this court, depending on the outcome of the certified

question.  Plaintiffs move this court to amend its January 11, 2005, order to set a final deadline for defendants' remedial proposal, to allow time for plaintiffs to respond, and to consider all factors related to a timely remedy, including preclearance time.  Defendants oppose the motion to amend.

The South Dakota Supreme Court set an expedited briefing schedule, held oral arguments, and has now issued its opinion.  The South Dakota Supreme Court held on June 29, 2005, that the South Dakota Legislature is authorized under the South Dakota Constitution to reapportion Districts 26 and 27 and other affected areas in response to the federal district court's finding a violation of § 2 of the Voting Rights Act of 1965.  Bone Shirt v. Hazeltine, 2005 S.D. 84, 2005 WL 1532093.  In light of this opinion, the court finds that further clarification of its order is appropriate.

This court previously ordered defendants to either adopt a new apportionment plan or submit remedial proposals to this court within 30 days after the South Dakota Supreme Court issued its ruling.  That deadline is July 29, 2005.  If the legislature adopts a redistricting plan, that plan will need to be submitted to the normal § 5 preclearance process.  McDaniel v. Sanchez, 452 U.S. 130, 151, 101 S. Ct. 2224, 68 L. Ed. 2d 724 (1981).  Such submission should be made within ten days of the redistricting plan becoming law.  If plaintiffs contest the validity of the new redistricting plan, those matters will be addressed by this court after the preclearance process.  See id.

2

This court shall retain jurisdiction of this case to address such issues.  In the event a valid reapportionment plan for Districts 26 and 27 and other affected areas is not adopted by the South Dakota Legislature by July 29, 2005, this court will take further action.

Defendants move to strike a letter from the ACLU dated February 23, 2005, wherein attorney for plaintiffs, Bryan Sells, indicated that the South Dakota Supreme Court's scheduling might deny plaintiffs' timely remedy.  Because the letter was not filed with the Clerk of Courts, there is nothing in the record to strike.  Accordingly, it is hereby

ORDERED that plaintiffs' motion to amend (Docket 339) is granted; and.

IT IS FURTHER ORDERED that defendants' motion to strike (Docket 349) is denied.

Dated July 1, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

3