UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| ALFRED BONE SHIRT; BELVA BLACK LANCE; BONNIE HIGH BULL; and GERMAINE MOVES CAMP, | ) ) ) ) ) | Civ. 01-3032-KES |
| Plaintiffs, | ) ) ) | ORDER DENYING DEFENDANTS' MOTION TO DEFER, DENYING |
| vs. | ) ) ) | DEFENDANTS' MOTION TO STAY, AND GRANTING |
| JOYCE HAZELTINE, in her official capacity as Secretary of the State of South Dakota; SCOTT ECCARIUS, in his official capacity as the Speaker of the South Dakota House of Representatives; SOUTH DAKOTA HOUSE OF REPRESENTATIVES; ARNOLD BROWN, in his official capacity as President of the South Dakota Senate; and SOUTH DAKOTA SENATE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | DEFENDANTS' MOTION TO EXTEND |
| Defendants. | ) | |

Plaintiffs move for an order awarding attorneys' fees and costs pursuant to D.S.D. LR 54.1, 28 U.S.C. § 1920, and 42 U.S.C. §§ 1973l(e) and 1988. Defendants (hereinafter referred to as the State) move for an order deferring the court's ruling on plaintiffs' motion for attorneys' fees and costs until after resolution of the pending appeal, or alternatively, for an order granting the State an extension of time to respond to plaintiffs' motion. The State also moves, pursuant to Fed. R. Civ. P. 62(c), for an order staying enforcement of

the court's judgment and Remedial Order pending appeal. Plaintiffs oppose the motions.

## BACKGROUND

In November of 2001, the South Dakota Legislature enacted a state-wide legislative redistricting plan (2001 Legislative Plan). Plaintiffs filed suit contending that the 2001 Legislative Plan violated § 2 and § 5 of the Voting Rights Act (VRA). On January 29, 2002, a three-judge district court held that the plan violated § 5. See Bone Shirt v. Hazeltine, 200 F. Supp. 2d 1150 (D.S.D. 2002). On September 15, 2004, this court held that the plan also violated § 2. Bone Shirt v. Hazeltine, 336 F. Supp. 2d 976 (D.S.D. 2004).

The court gave the State the first opportunity to fashion a new, constitutional apportionment plan; however, after protracted litigation that included a certified question to the South Dakota Supreme Court, the State "respectfully declined to submit a new apportionment plan or a remedial proposal to the Court." The court then issued a Remedial Order on August 18, 2005, which adopted one of the plans proposed by plaintiffs.

On August 28, 2005, the State moved to vacate or amend the Remedial Order to require submission of the court-adopted apportionment plan to the Department of Justice for preclearance pursuant to § 5 of the VRA. Alternatively, the State requested that the court convene a three-judge district court to ascertain whether the plan was subject to § 5 preclearance. On

October 4, 2005, the court issued an order denying the State's motion to vacate or amend the Remedial Order and refusing to convene a three-judge district court. The court concluded that the State lacked standing to invoke § 5 and that the Remedial Order's plan—a privately-proposed and court-adopted apportionment plan—was not subject to § 5. The State now moves for a stay prohibiting enforcement of the Remedial Order pending appeal.

On September 30, 2005, plaintiffs moved for attorneys' fees and costs. The State responded on October 19, 2005, by filing a motion to defer ruling on plaintiffs' motion for the attorneys' fees and costs until after resolution of the pending appeal. Alternatively, the State moves for an extension in the time to respond to plaintiffs' motion for attorneys' fees and costs.

### DISCUSSION

This order considers the State's three pending motions: (1) motion to defer ruling on plaintiffs' motion for attorneys' fees and costs; (2) motion for extension of time to respond to plaintiffs' motion for attorneys' fees and costs; and (3) motion to stay enforcement of the Remedial Order. This order does not consider the merits of plaintiffs' pending motion for attorneys' fees and costs.

**1.   Motion to Defer Ruling**

Plaintiffs moved for attorneys' fees and costs, and the State responded by filing a motion to defer the court's ruling on plaintiffs' motion until after the

Court of Appeals for the Eighth Circuit resolves the pending appeal. Defendants contend that it would be an inefficient use of judicial resources to award plaintiffs' attorneys' fees and costs at this juncture in the case because, even if plaintiffs are entitled to attorneys' fees as a prevailing party at the district court level, see 42 U.S.C. § 1973l(e); Emery v. Hunt, 272 F.3d 1042, 1046 (8th Cir. 2001), a ruling in favor of the State on appeal would vacate the fee award. See, e.g., Gibson v. Caruthersville Sch. Dist. No. 8, 336 F.3d 768, 774 (8th Cir. 2003). Thus, the State argues that the court should wait to consider an attorneys' fee award until after the Eighth Circuit has ruled on the appeal.

Fed. R. Civ. P. 54(d)(2)(B) governs the procedure for awarding attorneys' fees.[1] If the underlying case is appealed, the court, in its discretion, "may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) advisory

---

[1] Fed. R. Civ. P. 54(d)(2)(B) provides:

Unless otherwise provided by the statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

4

committee's note; cf. Am. Infra-Red Radiant Co. v. Lambert Indus., Inc., 41 F.R.D. 161, 164 (D. Minn. 1966) (stating that trial court had discretion to decide whether or not to tax costs pending appeal).

In seeking deferral, the State relies heavily on this court's order in Cottier v. City of Martin, No. Civ. 02-5021-KES, slip op. at 3 (D.S.D. July 21, 2005). In that case, the court stayed the taxing of $19,733.52 in costs pending resolution of plaintiffs' appeal to the Eighth Circuit. The court stated that under the circumstances of that case, "[i]t would be an inefficient use of judicial resources to determine costs at this time until the appellate process is complete." Id.

Cottier, however, does not compel deferral in this case. First, Cottier unequivocally states that the court has broad discretion in determining whether to stay or to grant costs and attorneys' fees pending appeal. Additionally, the court in Cottier explicitly limited its holding to "the circumstances of this case." Id. Here, different circumstances predominate which make staying the award of attorneys' fees inappropriate. The sheer magnitude of the attorneys' fee and cost request in this case ($653,124.77) distinguishes this case from Cottier because, in the court's experience, the larger amount makes an appeal of the court's decision more likely. And, in the interest of judicial efficiency, the court exercises its discretion to consider plaintiffs' fee request so that the Eighth Circuit can decide any appeal of that

award in conjunction with the pending appeal on the merits. See Obin v. Dist. No. 9 of Int'l Ass'n of Machinists & Aerospace Workers, 651 F.2d 574, 584 (8th Cir. 1981) (stating that district courts should promptly rule on requests for attorneys' fees "so that any appeal by an aggrieved party from the allowance or disallowance of fees can be considered by [the Eighth Circuit] together with any appeal taken from the final judgment on the merits"); see also Maristuen v. Nat'l States Ins. Co., 57 F.3d 673, 678 (8th Cir. 1995).[2] Accordingly, the State's motion seeking the court to defer ruling on plaintiffs' motion for attorneys' fees is denied.

## 2. Motion to Extend Time to Respond

The State seeks an extension of time to respond to plaintiffs' request for attorneys' fees. Plaintiffs contend that the State's motion to extend was untimely, and thus, should be denied.

Both plaintiffs and the State mistakenly conclude that the State's motion to extend was an untimely response to plaintiffs' motion. D.S.D. LR 54.1(c) states that all objections to a motion for attorneys' fees "must be

---

[2] The fact that the court may not rule on plaintiffs' motion before plaintiffs' deadline to file a cross-appeal is irrelevant because the fee award is a separately appealable order. See Obin, 651 F.2d at 584. As such, plaintiffs can file a separate notice of appeal once the court rules on the fee request. The Eighth Circuit will then likely consolidate the fee appeal and the merits appeal, deciding both simultaneously. See Fed. R. App. P. 3(b)(2); Obin, 651 F.2d at 584 ("If an appeal on the merits has already been taken, this court on its own motion or the motion of either party will consolidate" the appeal of the fee and the appeal on the merits.).

filed within ten days" of when the party objecting was served with the motion. Fed. R. Civ. P. 6(e) provides that if the motion was served by first-class mail, then the party responding has an additional 3 days. Fed. R. Civ. P. 5(b)(2), 6(3). Fed. R. Civ. P. 6(a) provides the method for counting days and states that "[w]hen the period of time prescribed or allowed is less than 11 days," then the court does not count "intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P. 6(a).

Application of both Rules 6(a) and 6(e) to the 10-day response period in this case creates an ambiguity. If rule 6(a) is applied first, then the response period is less than 11 days and intermediate weekends and holidays are excluded. If rule 6(e) is applied first, then the 3 additional days for service result in a total response period of 13 days, and intermediate weekends and holidays are counted.

In Treanor v. MCI Telecomm. Corp., 150 F.3d 916 (8th Cir. 1998), the Eighth Circuit considered the proper counting method when both Rules 6(a) and 6(e) are applied to a 10-day performance period. The court rejected the argument that application of Rule 6(e) makes the total performance period 13 days (requiring counting of weekends and holidays), because "'[t]he only way to carry out Rule 6(e)'s function of adding time to compensate for delays in mail delivery is to employ Rule 6(a) first.'" Id. at 918 (quoting Lerro v. Quaker Oats Co., 84 F.3d 239, 242 (7th Cir. 1996)).

7

The proper counting method requires two steps: first, 10 days after the date of service are counted, excluding weekends and holidays pursuant to Rule 6(a); and second, an additional 3 calendar days are added pursuant to Rule 6(e).  See id. at 918-19.  The 3 days added pursuant to Rule 6(e) are counted at the end of the response period, rather than the beginning.  See id. (counting days under this method two different times and in both instances excluding one of the first three days following service pursuant to Rule 6(a)); see also Minnesota v. Hugger, 640 N.W.2d 619, 624 (Minn. 2002) (interpreting Treanor to require counting "by first excluding weekends and relevant periods in accordance with Fed. R. Civ. P. 6(a) and then adding the 3 days for service by mail").

According to the method in Treanor, the State's motion to extend in this case is a timely response to plaintiffs' motion.  Plaintiffs served their motion on September 30, 2005.  The following days are excludable under Rule 6(a): October 1, 2 (weekend); October 8, 9 (weekend); October 10 (Columbus Day); and October 15, 16 (weekend).  Based thereon, the State had until October 20, 2005, to respond to plaintiffs' motion.  Defendants timely responded with a motion to extend filed on October 19, 2005.

If a motion to extend is filed before the end of the period for performance, the court, in its discretion, can grant the motion for "cause shown."  Fed. R. Civ. P. 6(b).  Here, the State seeks additional time to retain

an expert and to review plaintiffs' motion for attorneys' fees. The court finds that additional time is warranted. The court previously extended plaintiffs' deadline for filing their motion for attorneys' fees, due at least in part to the size of the fee request. Plaintiffs' motion requests $654,124.77 in attorneys fees' and costs. Plaintiffs provide 164 pages of evidentiary support, including 93 single-spaced pages of itemized fee and cost entries. Review of this voluminous fee request will require considerable time and effort. Accordingly, under the facts of this case, there is good cause for an extension.

The State seeks an additional 45 days after this order to review plaintiffs' request. Although some extension is appropriate, 45 days is more than necessary. The State has known about the fee request since September 30, 2005, which is over two and half months. During this time, the State should have retained its expert and began reviewing the fee request. Accordingly, the court finds that an extension of 20 days from the date of this order is appropriate.

**3.      Motion for Stay**

The State moves for a stay preventing enforcement of the Remedial Order pending the current appeal. The State contends that it is entitled to the stay because the court erred in finding that the Remedial Order is not subject to preclearance under § 5 of the VRA. Plaintiffs oppose the stay.

Federal Rule of Civil Procedure 62(c) empowers the court to suspend or modify an injunction pending appeal. When ruling on a motion for a stay pending appeal, the court must consider (a) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (b) the threat of irreparable harm to the moving party absent a stay; (c) whether issuance of a stay pending appeal would substantially injure the other parties in the proceeding; and (d) the effect on the public interest. Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). See also Iowa Utils. Bd. v. F.C.C., 109 F.3d 418, 424 (8th Cir. 1996).

    a.    **Success on the Merits**

The State contends that there is a strong likelihood of success because the Remedial Plan was not precleared as required by § 5 of the VRA. To justify a stay, the movant must make "a strong showing" of likely success on the merits on appeal. Hilton, 481 U.S. at 776. An appellate court generally will not reverse the grant of a preliminary injunction unless the appellant demonstrates that the district court relied upon clearly erroneous findings of fact, made an error of law, or abused its discretion when balancing the equities. See, e.g., West Publ'g Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1222-23 (8th Cir. 1986).

Here, the court in its order denying the State's motion to vacate or amend the Remedial Order, considered and ruled against the State on this

exact argument: that § 5 of the VRA requires preclearance of the Remedial Order. The court even concluded that the State's contention was "wholly insubstantial." Id. The State raises no additional arguments, cites no additional authority, and fails to point out any erroneous findings of fact. Rather, the State merely reiterates its meritless arguments. This is insufficient to establish a "strong showing" of likely success on the merits of the appeal, and this factor supports denying the stay. See Quick Bear Quiver v. Nelson, No. Civ. 02-5069, 2005 WL 2706004, at *1 (D.S.D. Oct. 14, 2005).

      b.    **Threat of Irreparable Harm**

The State fails to explain how it will experience any harm, let alone irreparable harm, by enforcement of the Remedial Order without § 5 preclearance. "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Iowa Utils. Bd., 109 F.3d at 424.

The State argues that it is harmed by lack of preclearance because, in a previous case, the State agreed to a consent decree that required it to submit all voting changes affecting Shannon and Todd counties to the Department of Justice for § 5 preclearance. The State contends that the court's enforcement of the Remedial Order prevents the State from complying with the consent decree.

This contention is erroneous. As noted in the court's previous order, nothing prevents the State from submitting the Remedial Order's apportionment plan for preclearance on its own volition and the State is not harmed in any manner by the lack of § 5 preclearance. The State has not shown irreparable harm will occur absent a stay.

### c. Potential Harm to Other Parties

Next, the court must evaluate the harm experienced by others if a stay is granted. If the stay is granted and the Remedial Order is not enforced, then the 2001 Legislative Plan will continue to apply to all elections that occur pending resolution of the appellate process. The court found that the 2001 Legislative Plan violates § 2 of the VRA by impermissibly diluting the Indian vote. Bone Shirt v. Hazeltine, 336 F. Supp. 2d 976, 1052 (D.S.D. 2004). Granting a stay will subject plaintiffs to further unlawful deprivation of their right to vote, which weighs strongly against granting a stay. Quick Bear Quiver, 2005 WL 2706004, at *2.

### d. Public Interest

The final factor also supports denying the stay in this case. As discussed in Quick Bear Quiver, id., the public has a significant interest in guaranteeing compliance with federal voting rights laws. Id. Granting a stay in this case permits continued violation of these laws, namely the VRA. The State's interest in obtaining preclearance and complying with a previous

consent decree is significant.  As discussed above, however, the State has the power to comply by submitting the plan for preclearance on its own.  Denial of the stay has no effect on the State's interest, and thus, the State's interest does not overcome the public's interest in compliance with the VRA.

In short, the Hilton factors support enforcement of the Remedial Order pending the appeal in this case.  The State's motion seeking a stay pending appeal is denied.

Based on the foregoing, it is hereby

ORDERED that the State's motion to defer ruling (Docket 375-1) on plaintiffs' motion for attorneys' fees and expenses is denied.

IT IS FURTHER ORDERED that the State's motion to extend time (Docket 375-1) to respond to plaintiffs' motion for attorneys' fees and expenses is granted.  The State shall respond to plaintiffs' motion on or before **January 4, 2006.**  Plaintiffs shall have until **January 10, 2006**, to reply.

IT IS FURTHER ORDERED that the State's motion to stay pending appeal (Docket 382) is denied.

Dated December 15, 2005.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

13